UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN J. BAUMANN, | ) | Case No. 1:04CV1757 |
| aka BRIAN J. BAUMAN,[1] | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | REPORT AND RECOMMENDATION OF |
| Defendants. | ) | MAGISTRATE JUDGE |

The instant matter is before the Court upon a statement of attorney fees and expenses filed by Defendant City of Cleveland. ECF Dkt. #69. Plaintiff has not filed a response to this statement. On November 27, 2006, the Honorable Peter C. Economus referred the instant statement to the undersigned for a Report and Recommendation. ECF Dkt. #70. For the following reasons, the undersigned recommends that the Court find that Defendant City of Cleveland's statement of attorney fees and costs is reasonable and ORDER Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc., jointly and severally, to pay $3,281.41 to Defendant City of Cleveland on or before January 19, 2007.

**I.    PROCEDURAL HISTORY**

On November 16, 2006, Judge Economus issued an Order in the above-captioned case

---

[1] The undersigned notes that the docket of this case spells Plaintiff's last name Bauman, as do some of the Orders. See Docket; ECF Dkt. #1; ECF Dkt. #13; ECF Dkt. #70. However, it appears that Plaintiff spells his last name Baumann. ECF Dkt. #1, Attachment 1; ECF Dkt. #10; ECF Dkt. #61 at 5; ECF Dkt. #68.

-1-

finding Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc. in contempt for violating the terms of a consent decree issued by the Court on July 13, 2006.  ECF Dkt. #s 61, 68.  As a sanction for contempt, Judge Economus ordered, among other sanctions, that the Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc. pay the reasonable attorney fees and expenses incurred by the City of Cleveland to file and prosecute its motion to show cause. ECF Dkt. #68.  The Court further ordered that Defendant City of Cleveland submit a Statement of Attorney Fees and Costs for the Court's review and approval within five days of the Order.  *Id*.  The Court ordered Third-Party Defendants to respond to the Statement of Attorney Fees and Costs within five days of receiving service of the Statement.  *Id*.

On November 22, 2006, Defendant City of Cleveland filed a timely Statement of Attorney Fees and Expenses indicating that it had incurred $3,281.41 in attorney fees and expenses relating to the motion to show cause, which included a discounted billable hour attorney rate of $200.00 per hour.  ECF Dkt. #69.  Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc. filed no response.

**II.    LAW AND ANALYSIS**

Since the Court has already ordered that Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc. pay the attorney fees and expenses of Defendant City of Cleveland as a sanction for contempt, the undersigned need only advise whether the amount submitted by

Defendant City of Cleveland for attorney fees and expenses is reasonable. Upon review of the statement and accompanying affidavit of Attorney Stephen W. Funk, the undersigned recommends that the Court find that Defendant City of Cleveland's Statement of Attorney Fees and Expenses in indeed reasonable.

Attorney Funk attests by affidavit as to his credentials and his standard billing rate of $280.00 per hour for Calendar Year 2006, which is a market-based hourly rate comparable to those charged by other large law firms in the Cleveland and Akron areas for attorneys with similar reputation and experience. ECF Dkt. #69, Attachment 1. He further explains that his law firm discounts hourly billing rates for legal services provided to the City of Cleveland as a public entity and thus he charged $200.00 per hour for this case. *Id.* He further provides an itemization of the hours expended and details the date of activities, the length of time taken each activity and a description of each activity. *Id.* He also shows costs advanced for mileage to the show cause hearing in the amount of $61.41. *Id.*

The undersigned notes that Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc. failed to file any challenge to Defendant City of Cleveland's Statement of Attorney Fees and Expenses as unreasonable or unwarranted. Moreover, upon review of Attorney Funk's affidavit and itemized statement, the undersigned recommends that the Court find that the attorney fees and expenses submitted by Defendant City of Cleveland are indeed reasonable. The hourly rate is reasonable in light of Attorney Funk's experience and credentials and the time he spent as to each detailed activity appears reasonable as well. Accordingly, the undersigned further recommends that the Court order Third-Party Defendants William Baumann, Bradley Road,

Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc., jointly and severally, to pay $3,281.41 to the City of Cleveland, on or before January 19, 2007.

## III.  CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that the Court find that Defendant City of Cleveland's Statement of Attorney Fees and Expenses contains reasonable charges and costs. ECF Dkt. #69.  Accordingly, the undersigned recommends that the Court ORDER Third-Party Defendants William Baumann, Bradley Road, Inc., Superior Demolition, Inc., Superior Demolition & Excavating, Inc., and M.E.B. Properties, Inc., jointly and severally, to pay $3,281.41 to the City of Cleveland, on or before January 19, 2007.


Dated: December 19, 2006                                              */s/George J. Limbert*
                                                                                           GEORGE J. LIMBERT
                                                                                           United States Magistrate Judge


ANY OBJECTIONS to this Order and Interim Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's order and recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).